IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Deirdre Baker, individually and on behalf )
of all others similarly situated, )
) Case No. 0:17-cv-02364-DCC
Plaintiff, )
)
v. ) **OPINION AND ORDER**
)
Lanier Collection Agency & Services Inc., )
)
Defendant. )
_____)

This matter is before the Court on Defendant's Motion to Dismiss. ECF No. 9. Plaintiff filed a Response in Opposition, and the Defendant filed a Reply. ECF Nos. 10, 11. On June 19, 2018, the Court held a hearing on the Motion.

The Court accepts as true the facts alleged in Plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). On or about September 6, 2016, Defendant sent Plaintiff a collection letter ("the Letter") regarding an alleged debt. ECF No. 1 at 6. The Letter states, in relevant part:

> Re: GEORGIA EMERGENCY ASSOCIATES
>
> Service for: Baker, Deirdre
>
> Balance: $100
>
> This account has been placed with Lanier Collection Agency for collection. Please direct all payments and correspondence to LCA Services.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify

> this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

ECF No. 1-1. The Letter was the first communication from Defendant to Plaintiff with respect to the alleged debt. ECF No. 1 at 6.

Plaintiff claims the Letter violates 15 U.S.C. § 1692g(a)(2) of the Fair Debt Collection Practices Act ("FDCPA") because it "fails to explicitly or implicitly identify Plaintiff's current creditor." *Id*. Plaintiff argues that she was unsure as to the identity of the creditor on whose behalf Defendant was attempting to collect.

## **STANDARD OF REVIEW**

### *Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of

the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted).

**DISCUSSION**

The FDCPA "protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). To state a claim for relief under the FDCPA, a plaintiff must allege that "(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (quoting *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)). The question at issue in this case is whether Plaintiff plausibly alleges that Defendant failed to specify the name of the creditor to whom the debt is owed, as required by the FDCPA.

Courts interpret the FDCPA using the least sophisticated consumer standard. This determination requires an objective inquiry, which involves applying a less demanding standard than that of a "reasonable" consumer. *Ramsay v. Sawyer Prop. Mgmt. of Maryland LLC*, 593 F. App'x 204, 208 (4th Cir. 2014).

> The use of a test evaluating the understanding of a least sophisticated consumer is intended to ensure that "the gullible as well as the shrewd" are not deceived by communications from a debt collector. *Nat'l Fin. Servs., Inc.*, 98 F.3d at 136 (citation omitted). Although the FDCPA protects uninformed consumers, the standard employed nevertheless protects creditors from "liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding

> and willingness to read with care." *Id*. Accordingly, courts must remain mindful not to "conflate lack of sophistication with unreasonableness." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010) (discussing standard of the least sophisticated consumer in the content of Section 1692g) .

*Ramsay*, 593 F. App'x at 208.

Though the FDCPA does not require specific language to identify the current creditor, such information "must be conveyed effectively to the debtor." *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991). The provisions of § 1692g must be communicated "clearly enough that the recipient would likely understand it." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016). Further, if there is more than one probable way to read a debt collection letter, such that the identity of the creditor to whom the debt is owed is unclear to the least sophisticated consumer, a violation of the FDCPA may result. "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs, LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011)).

Here, Defendant contends that the Letter, as read by the least sophisticated consumer, identified the current creditor, Georgia Emergency Associates ("GEA"). ECF No. 9-1 at 3. Plaintiff argues that Defendant's Letter was open to interpretation with respect to whether GEA was the current creditor because the Letter failed to disclose the relationship between GEA and Defendant or specifically state that GEA was the current creditor for the debt. ECF No. 10 at 5.

5

Plaintiff relies primarily on *McGinty v. Professional Claims Bureau*, No. 15-cv-4356-SJF-ARL, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016); *Datiz v. International Recovery Associates, Inc.*, No. 15-cv-3549-ADS-AKT, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016); and *Dix v. National Credit Systems, Inc.*, No. 2:16-CV-3257-HRH, 2017 WL 4865259, at *3 (D. Ariz. Oct. 27, 2017).  In *McGinty*, the letter contained a caption in the upper right-hand corner: "Re: ST CATHERINE OF SIENNA," followed by the patient name and service date.  2016 WL 6069180, at *1.  In *Datiz*, the letter also contained a line near the top: "Re: John T. Mather Hospital, Balance Due: $636.15." 2016 WL 4148330, at *1.  In both cases, the district courts found that the least reasonable consumer could be confused about the name of the creditor and that the plaintiffs had stated a plausible claim for relief to survive Rule 12(b)(6) or Rule 12(c) dismissal.  *Id*. at *12; *McGinty*, 2016 WL 6069180, at *5.  In *Dix*, the defendant listed "Metro on 19th" in the "re" line, and the court determined that Plaintiff was entitled to summary judgment on his claim because Defendant did not identify Metro on 19th as the current creditor.  2017 WL 4865259, at *3.

Defendant relies on *Santibanez v. National Credit Systems, Inc.*, C/A No. 6:16-cv-00081-AA, 2017 WL 126111 (D. Or. Jan. 12, 2017).  In *Santibanez*, the court found that a collection letter containing the subject line "Re: ENCOMPASS MANAGEMENT CONSULTANTS" followed by a sentence stating that "[t]he above referenced account has been placed with this office for collection" sufficiently identified the current creditor such that a least sophisticated debtor could understand it and granted the defendant's motion for summary judgment.  2017 WL 126111, at *2–4.

6

While the undersigned acknowledges that some other courts have required collection agencies to include more information than appears in the Letter in this case, it does not appear that any court in the Fourth Circuit has made a similar holding. Further, the Court finds that in the present action even a "least sophisticated consumer" could not reasonably read the Letter as having two or more meanings. The Letter states that the debt has been placed with Defendant for collection. It further states that Plaintiff can send Defendant a written request to be provided "the name and address of the original creditor, if different from the current creditor." The only other entities identified in the letter are Plaintiff and GEA. *Cf. Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 760 (D. Md. Oct. 30, 2017) (holding that a least sophisticated consumer could plausibly be confused by a collection letter naming four or five entities, without further explanation of the relationship between the entities, without a bizarre or unreasonable interpretation of the letter).

The Court finds that the "least sophisticated consumer" could only reasonably interpret the Letter to mean that GEA was the current creditor as of the date that the Letter was sent. No more is required by the statute. *See* 15 U.S.C. § 1692g(a)(2) (requiring a debt collector to send the consumer a written notice containing "the name of the creditor to whom the debt is owed"). Accordingly, the Court finds that Plaintiff has failed to state a claim for a violation of the FDCPA.

## CONCLUSION

Wherefore, based upon the foregoing, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.

s/Donald C. Coggins, Jr.<br>United States District Judge

June 25, 2018
Spartanburg, South Carolina